**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**HARRY KEONTA RAMSEY**                                                              **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO.: 3:22-CV-KHJ-MTP**


**EARNEST P. BREAUX ELECTRICAL, LLC;**
**MODULAR CONNECTIONS, LLC;**
**BARNHART CRANE AND RIGGING, LLC;**
**DOVE TRANSPORTATION, LLC;**
**ACME TRUCK LINE, INC.**
**AND JOHN AND JANE DOES 1-5**                                              **DEFENDANTS**

**DEFENDANT BARNHART CRANE AND RIGGING, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Barnhart Crane and Rigging, LLC ("Defendant"), by and through counsel, and files this its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, to wit:

**AFFIRMATIVE DEFENSES**

1.       Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

2.       Plaintiff may have failed to join indispensable parties in order to fully and properly adjudicate the present matter, as set forth by Fed. R. Civ. P 12(b)(7) and 19.

3.       Plaintiff's First Amended Complaint may be barred under the doctrines of accord and satisfaction, assumption of the risk, estoppel, laches, waiver, release, payment, election of remedies, and/or any and all applicable statute(s) of limitation or statute(s) of repose.

4.       If Plaintiff was injured and/or damaged, those injuries and/or damages were proximately caused or contributed to solely by the negligent and/or intentional acts, wrongs, or

1

omissions of Plaintiff, or other persons, entities, forces, or things over which Defendant had no control and/or for which Defendant is not responsible.  As to all such persons, including those not named as parties to this litigation, Defendant pleads the apportionment and other provisions of Miss. Code Ann. § 11-7-15 and Miss. Code Ann. § 85-5-7.

5.     Plaintiff was comparatively and/or contributorily negligent, and Plaintiff's recovery and Defendant's liability, which is denied, should therefore be barred and/or diminished in proportion to the comparative and/or contributory negligence attributable to Plaintiff.

6.     Plaintiff had, and continues to have, a duty to mitigate his damages and/or injuries, if any, and Defendant is not liable to Plaintiff for any damages and/or injuries caused or contributed to by Plaintiff's failure to mitigate.

7.     Plaintiff's damages and/or injuries, if any, were caused by intervening and/or superseding causes over which Defendant had no control and is thus not liable.

8.     Plaintiff's damages and/or injuries, if any, were exacerbated by or are the consequence of pre-existing physical, medical, and/or mental conditions.

9.     To the extent Plaintiff has settled or should hereafter settle for any of the alleged injuries and/or damages with any party (including Defendants) or any non-party, then Defendant is entitled to a credit and set-off in the amount of said settlement and/or for the amount of the settling parties' allocated percentage of fault.

10.     Defendant committed no act that proximately caused or contributed to any alleged damages and/or injuries sustained by Plaintiff, if any; Defendant breached no legal duty owing to Plaintiff, if any; Defendant caused Plaintiff to sustain no damages and/or injuries whatsoever; and Defendant demands that the suit filed against it be dismissed with all costs taxed to Plaintiff.

11. Plaintiff's damages and/or injuries, if any, may be barred by and/or diminished by the doctrine of avoidable consequences.

12. Plaintiff's damages and/or injuries, if any, resulted from unforeseeable or unavoidable circumstances and causes that could not have been prevented by Defendant.

13. Plaintiff had the last clear chance to avoid the accident that is the subject of this action, and therefore Plaintiff's First Amended Complaint should be dismissed with prejudice.

14. Defendant did not do, nor fail to do, anything that caused or contributed to the alleged injuries and/or damages set forth in Plaintiff's First Amended Complaint.

15. Defendant denies all allegations of Plaintiff's First Amended Complaint that have not been expressly admitted herein.

16. Defendant hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, including those defenses set forth in Fed. R. Civ. P. 12(b) and 12(c), and hereby reserves its right to amend this Answer to assert any such defense. Defendant also reserves its right to assert other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a State other than the State of Mississippi.

17. Plaintiff has failed to state any cause of action against Defendant that would entitle him to recover punitive damages and with respect to punitive damages, Defendant specifically pleads as follows:

   a. Defendant denies that Plaintiff is entitled to any recovery of punitive damages whatsoever against it; in the alternative, Defendant pleads all rights, remedies and affirmative defenses available pursuant to Miss. Code Ann. § 11-1-65.

3

b.   An award of punitive damages in this case is unconstitutional and in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States, as well as the Mississippi Constitution, along with the Ex Post Facto Clause and Commerce Clause, Article I, Section 8, United States Constitution.

c.   An award of punitive damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States, as well as the Mississippi Constitution.

d.   Any award of punitive damages against Defendant would be an unconstitutional violation of the provisions of the United States Constitution, including, but not limited to, the Fifth, Seventh, Eighth, and Fourteenth Amendments and would also violate provisions of the Constitution of Mississippi, including, but not limited to, Article III, §§ 14, 28, and 31.

e.   Any award of punitive damages that is not based on the guidelines set forth in BMW of *North America, Inc.* v. *Gore*, 517 U.S. 559 (1996) and its progeny, including *Cooper Indus., Inc.* v. *Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), would violate Defendant's rights under the Due Process Clause, the Fourteenth Amendment and other provisions of the United States Constitution.

18.   Defendant and its employees and/or agents acting within the course and scope of their employment would show that they exercised the degree of care which a reasonably prudent person would have exercised under similar circumstances and thus did not breach any applicable duty owed to Plaintiff.

19.   Defendant pleads the protections afforded to it under Miss. Code Ann. § 11-1-60 and the associated "caps" on those damages that cannot be objectively verified pecuniary damages (*i.e.* pain and suffering, loss of enjoyment of life, mental anguish, etc.), which are plead in Plaintiff's First Amended Complaint.

## **ANSWER**

And now, having set forth its affirmative defenses and without waiving any other affirmative or other defenses whatsoever, Defendant answers Plaintiff's First Amended Complaint, paragraph by paragraph, as follows:

Defendant denies the allegations in the first unnumbered paragraph beginning with "Plaintiff, HARRY KEONTA RAMSEY" and under the heading "<u>FIRST AMENDED COMPLAINT.</u>"

## <u>JURISDICTION AND VENUE[1]</u>

1. Without admitting any liability in the premises, Defendant specifically and only admits that jurisdiction and venue are proper in this Court.

## PARTIES AND BACKGROUND FACTS<br><u>REGARDING THEIR INVOLVEMENT</u>

2. Paragraph 2 does not include an allegation for which a response is required. To the extent a response is required, the allegations are denied.

3. Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 3, therefore the same are denied.

4. Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 4, therefore the same are denied.

5. Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 5, therefore the same are denied.

6. Defendant denies the allegations in paragraph 6, specifically denying any and all liability in the premises.

7. Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 7, therefore the same are denied.

---

[1] The headings herein are taken from Plaintiff's First Amended Complaint and are being used solely for organizational purposes. To the extent such headings constitute allegations, they are denied.

8.  Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 8, therefore the same are denied.

## FACTS

9.  Defendant strictly denies that it created or allowed a condition on the roadway to exist wherein the roadway was obstructed without any apparent warning, and further denies any and all liability in the premises. As to the remaining allegations, Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 9, therefore the same are denied.

10. Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 10, therefore the same are denied.

11. Defendant denies that it "created" a dangerous condition, specifically denying any and all liability in the premises. As to the remaining allegations, Defendant is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 11, therefore the same are denied.

12. Paragraph 12 does not include allegations for which a response is required. To the extent a response is required, Defendant incorporates herein by reference each of its responses to Paragraphs 2 through 8 above.

13. Denied, specifically denying any and all liability in the premises.

14. Denied, specifically denying any and all liability in the premises.

15. Denied, specifically denying any and all liability in the premises.

## COUNT I:
### NEGLIGENCE AND GROSS NEGLGIENCE-BASED CLAIMS

16. Denied, specifically denying any and all liability in the premises.

17. Denied, specifically denying any and all liability in the premises.

18. Denied, specifically denying any and all liability in the premises.

19. Denied, specifically denying any and all liability in the premises.

20. Denied, specifically denying any and all liability in the premises.

21. Denied, specifically denying any and all liability in the premises.

22. Denied, specifically denying any and all liability in the premises.

23. Denied, specifically denying any and all liability in the premises

24. Denied, specifically denying any and all liability in the premises.

25. Denied, including subparagraphs (a) through (k) inclusive, specifically denying any and all liability in the premises.

26. Denied, specifically denying any and all liability in the premises.

**COUNT II:**
**CLAIMS OF NEGLIGENCE PER SE**
**AND/OR BREACHES ARISING OUT OF STATUTORY VIOLATION(S)**
**AND ARISING OUT OF NEGLIGENT AND/OR GROSSLY NEGLGIENT CONDUCT**

27. Denied, specifically denying any and all liability in the premises.

28. Denied, specifically denying any and all liability in the premises.

29. Denied, specifically denying any and all liability in the premises.

30. Denied, specifically denying any and all liability in the premises.

31. Denied, specifically denying any and all liability in the premises.

32. Denied, specifically denying any and all liability in the premises.

33. Denied, specifically denying any and all liability in the premises.

34. Denied, specifically denying any and all liability in the premises.

35. Paragraph 35 does not include allegations for which a response is required.  To the extent a response is required, these allegations are denied.

36. Paragraph 36 does not include allegations for which a response is required. To the extent a response is required, these allegations are denied.

37. Denied, specifically denying any and all liability in the premises.

38. Denied, specifically denying any and all liability in the premises.

**COUNT III:**
**GROSS NEGLIGENCE GIVING RISE TO PUNITIVE DAMAGES**

39. Denied, specifically denying any and all liability in the premises.

40. Denied, specifically denying any and all liability in the premises.

**DAMAGES AND PRAYER FOR RELIEF**

41. Denied, including subparts (a) through (n) inclusive, specifically denying any and all liability in the premises.

Defendant further denies all allegations contained in the final unnumbered paragraph of Plaintiff's First Amended Complaint beginning with "WHEREFORE PREMISES CONSIDERED," including subparts (a) through (d) inclusive, specifically denying any and all implications of negligence and/or other actionable conduct on its part, specifically denying that Plaintiff is entitled to the recovery of any relief whatsoever against and/or from Defendant, and demanding strict proof thereof.

AND NOW, having fully answered Plaintiff's First Amended Complaint, Defendant prays that this Answer and Affirmative Defenses be deemed good and sufficient and that, after due proceedings, this Court enter a judgment in Defendant's favor, with full prejudice and at Plaintiff's cost.

Respectfully submitted, this the 7th day of February, 2023.

BARNHART CRANE AND RIGGING, LLC

By:    */s/ R. Jarrad Garner*
        R. Jarrad Garner (MSB# 99584)
        Ray A. Young, Jr. (MSB# 105851)
        Adams and Reese LLP
        1018 Highland Colony Parkway, Suite 800
        Ridgeland, Mississippi 39157
        Office: (601) 353-3234
        Fax:   (601) 355-9708
        jarrad.garner@arlaw.com
        ray.young@arlaw.com

## CERTIFICATE OF SERVICE

I, R. Jarrad Garner, one of the attorneys for Defendant Barnhart Crane and Rigging, LLC, do hereby certify that I have, this day, filed the foregoing document with the Clerk of Court via the CM/ECF system, which has caused a true and correct copy to be served by electronic mail on all counsel of record.

Dated: February 7, 2023.

        */s/ R. Jarrad Garner*
        R. Jarrad Garner